# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Kimberly George, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Government of Wyandotte County | ) |
| /Kansas City, Kansas, | ) |
| Serve: County Clerk | ) |
|     701 N 7th St Trfy, | ) |
|     Kansas City, KS 66101, | ) |
| | ) |
| Wyandotte County Sheriff's Department, | ) |
| Serve: Sheriff Daniel Soptic | ) |
|     701 N 7th St Trfy, | ) |
|     Kansas City, KS 66101, | ) |
| | ) Case No. |
| Wellpath, LLC | ) |
| Serve: Corporate Paralegal | ) |
|     1283 Murfreesboro Pike, Ste 500 | ) **JURY TRIAL DEMANDED** |
|     Nashville, TN 37217, | ) |
| | ) |
| Dr. Danny K. Stanton | ) |
| Serve: 2120 E 63rd St | ) |
|     Kansas City, MO 64130, | ) |
| | ) |
| and | ) |
| | ) |
| Jane Doe, | ) |
| Serve: Sheriff Daniel Soptic | ) |
|     701 N 7th St Trfy, | ) |
|     Kansas City, KS 66101, | ) |
| | ) |
| Defendants. | ) |

## CIVIL COMPLAINT

### Introduction

1. In this cause of action, brought pursuant to 42 U.S.C. § 1983 and the common law of the State of Kansas, plaintiff Kimberly George seeks judgment against the Unified Government of Wyandotte County/Kansas City, Kansas, Wyandotte County Sheriff's

Department, and Jane Doe for violations of her civil rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and for negligence brought pursuant to the laws of the State of Kansas, and for an award of damages and reasonable attorneys' fees.

## Parties

2. Plaintiff, Kimberly George, is a citizen and resident of Kansas, and at all times relevant to this action, was in the custody of the Wyandotte County Sheriff's Office, and residing in the Wyandotte County Adult Detention Facility.

3. Defendant Unified Government of Wyandotte County/Kansas City, Kansas is a county organized under the laws of the State of Kansas.

4. Defendant Wyandotte County Sheriff's Office is a law enforcement agency of the Unified Government of Wyandotte County/Kansas City, Kansas and is responsible for the day-to-day operations of the county jail and providing charge and custody of the Wyandotte County Adult Detention facility.

5. Defendant Wellpath is an active, foreign limited liability company formed in the State of Delaware with its principal place of business in Nashville, Tennessee. Defendant Wellpath, LLC contracts with the Unified Government of Wyandotte County/Kansas City, Kansas to provide medical services at the Wyandotte County Adult Detention Facility.

6. Defendant Dr. Danny K Stanton, MD is a citizen and resident of Missouri, and at all times relevant to this action, was a physician specializing in internal medicine and employed by Wellpath to provide medical care and treatment to inmates at the Wyandotte County Adult Detention Facility. He is sued in his individual capacity and as an employee of Wellpath, LLC.

7. Defendant Jane Doe was an employee of the Wyandotte County Sheriff's Office and Unified Government of Wyandotte County/Kansas City, Kansas worked in the Wyandotte County Adult Detention facility. She is sued in his individual capacity.

8. Defendants acted under color of state law at all relevant times to this Complaint.

## Jurisdiction and Venue

9. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331 and 1343, as this lawsuit arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. Additionally, the Court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. § 1367(a).

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in Wyandotte County/Kansas City, Kansas.

## Kansas Tort Claim Procedural Background

11. Pursuant to K.S.A. §12-105b, Notice of Claim for Damages was sent via certified mail to the Unified Government of Wyandotte County/Kansas City, Kansas on January 11, 2022.

12. More than 120 days have pasted from the time of receipt and no settlement has been reached with the unified government of Wyandotte County Kansas City, Kansas.

13. Pursuant to K.S.A. §12-105b, the claim is deemed denied and plaintiff is entitled to file suit.

## Factual Allegations

**Defendants' Responsibilities**

14. At all times pertinent to this Complaint, defendant Unified Government of Wyandotte County/Kansas City, Kansas had responsibility for law enforcement actions taken by Wyandotte County Sheriff's Office law enforcement personnel. Furthermore, defendant Jane Doe had responsibility for performing functions as a duly sworn law enforcement officer.

**Law Enforcement Management**

15. At all times pertinent to this Complaint, defendant Unified Government of Wyandotte County/Kansas City, Kansas had the full responsibility for managing the law

3

enforcement personnel, and more specifically for hiring, promoting, training, supervising, disciplining, and firing employees of said County.

**Bases of Liability, Including Government Custom and Government Deliberate Indifference to Serious Medical Need, Hiring, Training, Discipline, and Supervision as Well as Use of Force and Proper Investigation and Proper Conduct**

16. All of the actions and/or omissions of defendants took place pursuant to, and acting upon, the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of defendant Unified Government of Wyandotte County/Kansas City, Kansas.  Plaintiff alleges that defendants are liable for damages caused by defendants' intentional and/or wrongful and/or reckless and/or negligent acts and/or omissions while defendant Jane Doe was acting within the course and scope of his employment.  This all took place under circumstances where defendant Unified Government of Wyandotte County/Kansas City, Kansas and defendant Jane Doe are liable as a governmental entity and an individual officer.  Defendants' liability is based upon allegations including the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised and to the rights of citizens.  These all led to deprivations of rights, privileges, and immunities secured by the federal and state constitutions as well as federal and state laws.

The said actions, omissions, policies, practices, procedures, patterns, decisions, instructions, orders, and customs of defendants were the moving forces behind the constitutional and other violations described in this pleading. Those things are established, in part, by proof of knowledge and acquiescence.

Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severely liable to plaintiff.

**Absence of Immunity**

17. The described conduct violated clearly established federal and state protected rights of which every reasonably competent official in defendants' respective positions would have, or should have, been aware. As to defendants' actions and omissions toward plaintiff, there was no objectively reasonable reliance on existing law.

**Events of May 22, 2021 to June 29, 2021**

18. On May 22, 2021, plaintiff Kimberly George was an inmate at Wyandotte County Adult Detention facility in Wyandotte County/Kansas City, Kansas.

19. On that same day, Ms. George was standing in the doorway of her jail cell and asking Defendant Jane Doe about her medication.

20. Ignoring Ms. George's request, Defendant Jane Doe violently pushed Ms. George's cell door shut where her was resting her hand.

21. As a result of the carelessness of Defendant Jane Doe, Ms. George's hand was broken.

22. Ms. George requested immediate medical attention but was not seen by medical staff until May 24, 2021.

23. On May 25, 2021, Ms. George was sent to radiology for an x-ray of her right hand. Ms. George was diagnosed with a fracture of the proximal aspect of her fifth metacarpal.

24. Ms. George was told that she was scheduled to follow up with an orthopedic doctor, but no such follow up was appointment occurred.

25. Following Ms. George's x-ray, Ms. George made several requests to be seen by a doctor to address her broken hand.

26. On June 10, 2021, without having first examined Ms. George, Defendant Dr. Danny K. Stanton, MD ordered that Ms. George receive two 500 mg tablets of Tylenol three times a day for 21 days.

27. Even though Ms. George's hand was severely broken, and she was forced to endure excruciating pain for over one month, she was denied any meaningful treatment for the remainder of her incarceration.

28. On June 29, 2021, Ms. George was released from custody.

29. On August 5, 2021, Ms. George underwent a right 5th metacarpal open reduction and internal fixation.

### COUNT I
*42 U.S.C. § 1983 – Eighth and Fourteenth Amendments*
*Deliberate Indifference to Serious Medical Need*
*Against all Defendants*

30. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as set forth herein.

31. The actions described hereinabove as being taken under color of law and causing deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States and of Kansas, all taken together constitute violations of 42 U.S.C. §1983.

32. Kimberly George was a citizen of the United States and defendants are persons for the purposes of 42 U.S.C. § 1983.

33. During all times when her status was that of an inmate of the Wyandotte County Adult Detention facility, Ms. George was protected from deliberate indifference to her known serious medical needs by the Eighth Amendment.

34. Under the Fourteenth Amendment, Ms. George was also protected from conduct that is not rationally related to a legitimate nonpunitive governmental purpose, or actions that

6

appear excessive in relation to that purpose under *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

35. Individual defendant Jane Doe #1 is not entitled to qualified immunity because their conduct was clearly established to be unconstitutional at the time of Ms. George's incarceration.

36. There is no qualified immunity for private actors working in a jail.

37. As a result of the allegations contained in this Complaint, Individual Defendants are liable under 42 U.S.C. § 1983 for the violation of Ms. George's rights under the Eighth and Fourteenth Amendments by acting with deliberate indifference to her serious medical needs and disregarding the excessive risks associated with her serious medical condition, despite being expressly aware of Ms. George's known serious medical needs and obvious need for the same.

38. As a result of the allegations contained in this Complaint, individual defendants are liable under 42 U.S.C. § 1983 for the violation of Mr. George's rights under the Fourteenth by engaging in conduct that was objectively unreasonable and not rationally related to a legitimate nonpunitive governmental purpose.

39. All of the Individual Defendants named in this Complaint participated in the constitutional deprivations described herein.

40. In doing the acts complained of, Defendants and each of them acted under color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to reasonable medical attention for serious medical conditions as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution;

      b.    The right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution;

      c.    The right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

41.    As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays this Court:

    A.    Enter judgment in favor of Plaintiff and against Defendants;

    B.    Award Plaintiff compensatory damages against Defendants for their violation of Plaintiff's constitutional rights under color of law;

    C.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D.    For such other and further relief as the Court deems just and proper.

**COUNT II**
*42 U.S.C. § 1983*
*Failure to Supervise and Train*
*Against Defendant Wyandotte County*

42.    Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

43.    Prior to May 22, 2021, the Government of Wyandotte County, Kansas developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in Wyandotte County Adult Detention Facility, which caused the violation of Plaintiff's rights.

44.    At all relevant times, the Government of Wyandotte County, Kansas was aware that Defendant Jane Doe was inadequately trained regarding the handling of inmates such as Ms. George, yet the Government of Wyandotte County, Kansas maintained a policy or custom of

failing to provide Defendant Jane Doe training on the handling of inmates or adequate supervision.

45. It was the policy, custom, or both of the Government of Wyandotte County, Kansas to inadequately supervise and train its correction officers, including Defendant Jane Doe, thereby failing to prevent the constitutional violations against Plaintiff.

46. Defendant Government of Wyandotte County, Kansas's policies, customs, and practices demonstrate a deliberate indifference to the constitutional rights of persons within the Wyandotte County Adult Detention Facility and caused the violation of Plaintiff's rights alleged herein.

47. Plaintiff sustained damages as a result of Defendant Wyandotte County, Kansas' policies, customs, and practices.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Wyandotte County, Kansas;

    B. Award Plaintiff compensatory damages against Defendant Wyandotte County, Kansas for its violation of Plaintiff's constitutional rights under color of state law;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. For such other and further relief as the Court deems just and proper.

### COUNT IV
*Supplemental Jurisdiction*
*State Law Claim of Negligence*
*Against Defendants Wyandotte County Sheriff's Office and Jane Doe*

48. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

49. Defendant Jane Doe, was negligent, careless, and breached her duty of care to Plaintiff in one or more of the following respects:

    a. Failed to ensure that Ms. George's hand was clear of the cell door;

    b. Failed to warn Ms. George that she was closing the cell door;

    c. Closed the cell door with unreasonable force causing Ms. George's hand to break;

    d. Failed to timely obtain medical treatment for Ms. George; and

    e. Failed to exercise reasonable care under the circumstances.

50. As a direct and proximate result of the negligence and recklessness of Defendant Jane Doe, Plaintiff has suffered, and will continue to suffer in the future, personal injuries and damages including, but not limited to great bodily pain, shock, loss of sleep and rest, mental worry, embarrassment, anguish and nervousness; and have incurred and will in the future incur hospital and medical expenses for the treatment of their personal injuries.

51. The Wyandotte County Sheriff's Office is liable for the injuries and damages sustained by Plaintiff alleged herein that were directly and proximately caused by the negligent acts and omissions of Defendant Jane Doe as an employee of the Wyandotte County Sheriff's Office acting within the course and scope of her employment.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff compensatory against Defendants;

    C. Award Plaintiff reasonable attorneys' fees and costs; and

    D. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

                      Respectfully submitted,

                      KANSAS CITY ACCIDENT
INJURY ATTORNEYS

*/s/ James E. Brady, III*

James M. Roswold, KS # 16468
James E. Brady, III, KS # 78383
510 Walnut St., Ste. 100
Kansas City, MO  64106
P: (816) 471-5111
F: (816) 359-3163
*james@kcaccidentattorneys.com*
*jim@kcaccidentattorneys.com*
ATTORNEYS FOR PLAINTIFF